NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2356
_____

UNITED STATES OF AMERICA

v.

MARK LAWRENCE,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-06-cr-00083-001)
District Judge: Hon. Cynthia M. Rufe

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2010

Before: McKEE, Chief Judge, SLOVITER, and COWEN, Circuit Judges

(Filed: November 18, 2010)

OPINION

McKEE, *Chief Circuit Judge*.

Mark Lawrence appeals the district court's order of judgment of conviction and

sentence.   For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties, we need not recite the factual or

procedural history of this case except insofar as it assists our brief discussion. We have

1

jurisdiction pursuant to 18 U.S.C. § 3742. We review a district court's interpretation of the Sentencing Guidelines *de novo*, and review factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). An objection that a defendant fails to preserve at trial is reviewed for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002).

Lawrence argues that the district court erred when it applied a two level enhancement for reckless endangerment during flight. U.S.S.G. § 3C1.2 provides for a two-level enhancement if a defendant recklessly creates a "substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Lawrence does not dispute that he fled from the officers or that the high speed chase created a substantial risk of injury to others. Rather, he contends that there was an insufficient nexus between his flight from the officers and his subsequent conviction for possession of the Beretta .40 caliber firearm.

Lawrence also argues that the facts of this case are "strikingly similar" to those in *United States v. Southerland*, 405 F.3d 263 (5th Cir. 2005), and warrant the same result as in that case. Lawrence's reliance on *Southerland* is misplaced. In *Southerland*, the defendant was convicted of bank robbery and a single count of access device fraud. Two months after the bank robbery and one month after the use of the counterfeit credit card, the defendant fled from the police when they stopped him for a traffic violation. It was later discovered that the defendant was driving a stolen rental car containing cocaine and heroin. The Court of Appeals for the Fifth Circuit held that the events surrounding the traffic stop

2

were completely unrelated to the prior bank robbery or the access device offenses, which had occurred much earlier. Moreover, the court noted that no evidence related to the bank robbery was located in the car. The court concluded that the evidence demonstrated that the defendant fled to avoid detection for the car theft or drug possession, and not because of the unrelated bank robbery and access device offenses.

Here, in contrast, there was strong evidence that Lawrence fled from the police because of his involvement in the shooting. Unlike the offenses in *Southerland*, the shooting in this case took place eight days prior to when Lawrence was stopped. In addition, Lawrence was in possession of the .40 caliber Beretta used in the shooting, which he stored at his girlfriend's house. Moreover, Lawrence fled as soon as he saw the officers in his neighborhood, suggesting that he wanted to avoid the police because of his role in the shooting. Based on the totality of the evidence, the district court's finding that there was a sufficient nexus between Lawrence's flight and his subsequent conviction for gun possession was not clearly erroneous.

Lawrence also argues that the district court improperly based his sentence on his need for rehabilitation, in violation of 18 U.S.C. § 3582(a). Section 3582(a) states, in relevant part:

> Factors to be considered in imposing a term of imprisonment – The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

3

Section 3553(a)(2)(D) directs the sentencing court to consider the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). We have explained that 18 U.S.C. § 3582(a) and 18 U.S.C. § 3553(a) are not in conflict. *United States v. Manzella*, 475 F.3d 152 (3d Cir. 2007). Rather, these provisions in conjunction explain that courts may consider a defendant's need for rehabilitation when devising an appropriate sentence, but courts cannot carry out the goal of rehabilitation through imprisonment. *Id*. at 162.

The record demonstrates that the district court did not impose Lawrence's term of imprisonment for rehabilitative purposes. In fact, it suggests the very opposite. The court noted that Lawrence has not shown even "the beginnings of rehabilitation" because he had not acknowledged his guilt in any way. App. 636. The district court further admonished that Lawrence would "have to get it sooner or later in order to get me to give you a more lenient sentence." App. 660-61. The court also made clear that it believed that Lawrence posed a danger to the community and was not ready for rehabilitation, observing that there was a "pattern of criminal activity . . . that causes me pause as to how safe the community is with Mr. Lawrence in it, unless he's been truly rehabilitated, which I've already said on the record he's not ready for yet, unfortunately." App. 665. Thus, the district court's statements reveal that it sentenced Lawrence to a term of imprisonment not for a rehabilitative purpose, but rather, because he had not demonstrated that he was interested in rehabilitation. Accordingly, the court imposed a custodial sentence in order to

4

protect the community, promote respect for the law, and to provide a just punishment for the offense, all of which are permissible sentencing considerations under § 3553(a).

For the foregoing reasons, we will affirm the district court's order of judgment of conviction and sentence.