# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1609

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of North Dakota. |
| | * | |
| Timothy James Olson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 2011
Filed: January 13, 2012

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Timothy James Olson pled guilty to possession of materials involving the sexual exploitation of minors, materials discovered during a state investigation into his sexual abuse of his stepdaughter. The district court sentenced Olson for his federal offense to 108 months consecutive to his state sentence and to a life term of supervised release with several special conditions. Olson appeals, arguing that the district court violated Tapia v. United States, 131 S. Ct. 2382 (2011) in imposing the consecutive sentence and erred in imposing a special condition prohibiting him from possessing material which depicts or describes sexually explicit conduct. We vacate and remand for resentencing.

Olson reported himself to North Dakota authorities for sexually abusing his stepdaughter. The abuse had begun when she was five years old and continued until she was twelve or thirteen. In the course of interviewing Olson's stepdaughter, police learned that he possessed child pornography. Olson consented to a search of his computer by federal agents. On the computer they discovered over 2,000 images and nine videos depicting children engaged in sexually explicit conduct, including images of prepubescent girls, babies, and sadistic and masochistic conduct.

While the federal investigation continued, Olson pled guilty in state court to continuous sexual abuse of a child and was sentenced by the state judge to 60 years imprisonment, half of which was suspended. Olson then pled guilty in federal court under 18 U.S.C. § 2252(a)(4)(B) to possession of materials involving the exploitation of minors.

At his federal sentencing, Olson described his interest in child pornography as an "addiction" and said he had "become powerless to it." Olson testified that his interest was so intense that he could not wait to get home from work and masturbate to his collected images even when his stepdaughter was present. Olson stated that his attempts to control his addiction were unsuccessful, and he attributed the abuse of his stepdaughter in part to his consumption of child pornography. He told the district court that he used the material to "whet [his] appetite" and to teach his stepdaughter that sexual conduct was normal. Olson also told the judge that he had been participating in a self help group in state prison to try to overcome his addiction and was seeking any treatment opportunity available.

The district court acknowledged the recommended total offense level in the presentence investigation report, but it stated that it would not apply the report's recommended five level enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor. Because Olson was serving an undischarged prison term for his state offense which was also the basis for the recommended five level

enhancement, his federal sentence would have been presumptively concurrent to the state sentence if the district court had used the enhancement to increase Olson's offense level. See U.S.S.G. § 5G1.3(b). Application of the recommended pattern of activity enhancement would have led to an offense level of 33 and a guideline range of 151–188 months.

The district court explained that it "intend[ed] to impose at least some portion of the sentence consecutive to the state sentence." Since the district court declined to impose the enhancement, Olson's offense level was 28 with a guideline range of 87–108 months. Without the enhancement there was no guideline presumption that the sentence would be concurrent, U.S.S.G. § 5G1.3(c), and under 18 U.S.C. § 3584, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." See also United States v. Lomeli, 596 F.3d 496, 504 (8th Cir. 2010).

Before imposing Olson's consecutive federal sentence, the district court addressed all of the sentencing factors in 18 U.S.C. § 3553(a). It commented first on the "exceptionally egregious" nature of Olson's offense, both in terms of the number and nature of the pornographic images he collected, describing him as "a profoundly disturbed individual." The court then discussed the need for the sentence to reflect the "seriousness of the offense, promote respect for the law, and provide just punishment," and to "afford adequate deterrence to criminal conduct generally." It emphasized the need to protect the public from further crimes by the defendant and stated that "hands-on offenders are people that have historically been at high risk to recidivate." The district court also explained that:

> Providing the defendant with the appropriate and effective medical and correctional treatment in the most effective manner possible, all of that I think is something that needs to be taken into consideration. The federal Bureau of Prisons . . . operates a treatment system that the Court believes is frankly better than anything that the State of North Dakota

offers and that the defendant is a person that really can't be trusted in the community without some meaningful treatment.

The district court imposed a sentence of 108 months to run consecutively to Olson's state sentence and apparently to ensure that Olson could receive "meaningful treatment" in the federal prison system. It also provided for a lifetime of supervised release. As one of the conditions of that release, the court prohibited Olson from "possess[ing] any materials . . . depicting [or] describing 'sexually explicit conduct' as defined at 18 U.S.C. §§ 2256(2) and 2256(8)." Olson argues that the district court violated the Supreme Court's recent Tapia decision by imposing a consecutive sentence for the purpose of treatment and rehabilitation. He also objects to the special condition of release that prohibits him from possessing sexually explicit materials.

The Supreme Court decided Tapia after Olson's sentencing. In Tapia, it held that a sentencing court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Tapia v. United States, 131 S. Ct. 2382, 2393 (2011). The Court based its decision on 18 U.S.C. § 3582(a), which instructs sentencing courts to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." Id. at 2388–91. Although a sentencing court can "discuss[] the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," it may not "select[] the length of the sentence" to ensure completion of a rehabilitation program. Id. at 2392. After examining the district court's statements at Tapia's sentencing, the Court reversed, concluding that "the record indicates that the [district] court may have . . . calculated the length of Tapia's sentence to ensure that she receive certain rehabilitative services." Tapia, 131 S. Ct. at 2392–93.

-4-

Similarly, in this case the district court may have imposed Olson's consecutive sentence in order to enable treatment and promote rehabilitation in a federal institution. Not only did it state that it wanted Olson to receive treatment in a federal program in addition to any services he might receive in state prison, it specifically rejected the presentence report recommendation for a five level enhancement under § 2G2.2(b)(5). The factual basis for the pattern of activity enhancement was undisputed in the presentence report and again conceded at sentencing, but the enhancement would have had the effect of making the federal sentence presumptively concurrent to the state sentence. U.S.S.G. § 5G1.3(b).

Selecting the "length of [Olson's] sentence to ensure that [he] receive certain rehabilitative services" in federal prison would be directly proscribed by Tapia. Id. at 2393. We recently affirmed in a different case where the district court merely responded to the defendant's discussion of his rehabilitative needs and did not appear to lengthen the sentence to accommodate that program. United States v. Blackmon, 662 F.3d 981, 987 (8th Cir. 2011) (concluding that there was no plain error). Here, the district court went beyond discussing federal rehabilitative programs and may have imposed the consecutive sentence specifically to address Olson's need for treatment but the record is not clear. We therefore vacate Olson's sentence and remand for resentencing. See United States v. Kubeczko, 660 F.3d 260, 261 (7th Cir. 2011); cf. United States v. Garcia-Hernandez, 530 F.3d 657, 665–66 (8th Cir. 2008) (remanding where district court relied on erroneous factor); United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) (since record was unclear whether there was a Kimbrough error, remanding for district court to exercise its discretion under correct legal framework).

We recognize that the district court also discussed the egregiousness of the crime, the use of the pornographic material in the abuse of Olson's stepdaughter, and the need for deterrence and incapacitation. All of those are permissible factors for consideration and could support a consecutive sentence as Olson concedes. The

district court's references to rehabilitation and treatment when calculating the total offense level with the possible purpose of avoiding a presumptively concurrent sentence require remand for clarity about the court's intent. See Tapia, 131 S. Ct. at 2393.

The dissent finds significance in the distance in the sentencing transcript between the court's decision not to apply a five level sentencing enhancement and its discussion of Olson's need for rehabilitation. The district court simply followed Gall, however, by first establishing the offense level and guideline range before hearing the sentencing requests of counsel and the defendant's own statement, all important steps before imposing a sentence. Gall v. United States, 552 U.S. 38, 49–50 (2007); see also United States v. Mireles, 617 F.3d 1009, 1012 (8th Cir. 2010).

Before sentencing Olson the district court carefully discussed the § 3553(a) factors, but it did not have the benefit of the Supreme Court's clarifying interpretation of § 3582(a). In Tapia the Court read these two sentencing provisions together in a fresh way. They had both been enacted some 25 years earlier and were separate subparts in a lengthy statute. The Court has now made clear that § 3582(a)'s statement that imprisonment is an inappropriate means to promote rehabilitation bars imposition of a sentence of imprisonment in order to achieve rehabilitation, the fourth purpose of sentencing listed in § 3553(a)(2)(D). Tapia, 131 S. Ct. at 2387, 2391.

Many potential Tapia errors will not require remand under plain error review. See Blackmon, 662 F.3d at 987–88. The Supreme Court did not indicate that its decision should have only prospective application, however. In order to give effect to Tapia and not abdicate our role as a reviewing court, we must closely examine the sentencing transcript when Tapia issues are raised. See United States v. Tapia, --- F.3d ----, ----, 2011 WL 6091308, at *3 (9th Cir. Dec. 8, 2011) (vacating and remanding for resentencing on remand from the Supreme Court). The dissent asserts that this opinion is inconsistent with our decisions in Blackmon, and United States

-6-

v. Werlein, --- F.3d ---, ---, 2011 WL 6221798, at *2 (8th Cir. Dec. 14, 2011). The difference in those cases is that there the records showed that the district courts had not imposed sentences based on the defendant's rehabilitative needs. Werlein, 2011 WL 6221798, at *2; Blackmon, 662 F.3d at 987. In contrast, in a case like this where it is not clear from the record whether or not the district court impermissibly based its prison sentence on Olson's "rehabilitative needs," Tapia, 131 S. Ct. at 2392, we cannot determine whether or not there was plain error.

A remand for resentencing is therefore appropriate so the district court can impose a lawful sentence with the benefit of Tapia's guidance. Because the district court may choose at resentencing to reimpose the particular special condition of supervised release that Olson now challenges, we also consider his argument that the prohibition on possessing material that depicts or describes sexually explicit conduct is unwarranted and overbroad. A district court may order a special condition of supervised release which is reasonably related to the nature and circumstances of the offense, the characteristics of the defendant, deterrence, protection of the public, and treatment of the defendant's correctional needs. 18 U.S.C. § 3583(d); United States v. Bender, 566 F.3d 748, 751 (8th Cir. 2009).

We have consistently rejected overbreadth challenges to special conditions precluding the possession of pornography or sexually explicit material in cases involving child pornography and reject such a challenge here. See United States v. Thompson, 653 F.3d 688, 695 (8th Cir. 2011). Olson repeatedly referred to his "addiction" to child pornography and discussed its role in facilitating the abuse of his stepdaughter at the sentencing hearing. While a special condition must be tied to individualized findings, United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011), Olson's own statements amply support the imposition of the condition here. See Thompson, 653 F.3d at 694.

For the foregoing reasons, we vacate Olson's sentence and remand for resentencing consistent with  Tapia.

BENTON, Circuit Judge, dissenting.

Olson failed to object to the sentence when imposed.  The Supreme Court left to the courts of appeals the application of plain-error review to unpreserved *Tapia* issues.  ***Tapia v. United States***, 131 S. Ct. 2382, 2393 (2011), *citing* **Fed. R. Crim. P. 52(b)** *and* ***United States v. Olano***, 507 U.S. 725, 731 (1993) (articulating the standards for plain-error review).

This circuit, like most circuits, applies plain-error review to unpreserved *Tapia* issues.  ***United States v. Blackmon***, ___ F.3d ___, ___, 2011 WL 5984287, at *3 (8th Cir. Dec. 1, 2011) (finding no plain error despite the district court's discussion of rehabilitation, as the court did not express an intent to lengthen the sentence for rehabilitation purposes), *citing* ***United States v. Pirani***, 406 F.3d 543, 549 (8th Cir. 2005) (en banc); ***United States v. Werlein***, ___ F.3d ___, ___, 2011 WL 6221798, at *2  (8th Cir. Dec. 15, 2011) (per curiam) (*citing Blackmon* to find no plain *Tapia* error, as the court did not express an intent to lengthen the sentence for rehabilitative purposes).  *See generally* the Table at end of this opinion for the cases from other circuits.

This panel is bound by the *Blackmon* and *Werlein* decisions.  *See* ***Mader v. United States***, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("one panel is bound by the decision of a prior panel.").

Under plain-error review, the first inquiry is whether there is indeed an error. ***Blackmon***, 2011 WL 5984287, at *4; ***Werlein***, 2011 WL 6221798, at *2.  Just before imposing the sentence, the district court here addresses, in order and by name, each sentencing factor in 18 U.S.C. § 3553(a).  The district court mentions rehabilitation

once, in the paragraph quoted in the panel's opinion. *Ante* at 3-4. The district court discusses only the benefits of the federal treatment system. The district court committed no error "by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters." *Tapia*, 131 S. Ct. at 2392.

The panel opinion emphasizes the district court's rejection of a five-level enhancement due to the district court's intent to impose a consecutive sentence. This intent is announced at the start of the hearing – without any reference to rehabilitation. Unlike the *Tapia* case, the district court's statements here do not suggest that it may have imposed or lengthened the sentence to enable Olson to complete a treatment program or otherwise to promote rehabilitation. *Id.* at 2392-93. No *Tapia* error occurred.

The panel opinion finds an error and ends its analysis. It asserts that a remand is required if the district court is "not clear" that it did not rely on rehabilitation to impose or lengthen a sentence. *Ante* at 5, 7. This standard is contrary to the requirements of plain-error review adopted in *Blackmon*. *Blackmon*, 2011 WL 5984287, at *4. Even if an "error" occurred that was "plain," remand is not automatic. Olson must demonstrate "an error that affected his substantial rights." *Id.*, *citing* **United States v. Bain**, 586 F.3d 634, 640 (8th Cir. 2009) (per curiam).

> [W]here the effect of the error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.

*Id.*, *quoting* **Pirani**, 406 F.3d at 553. The district court here makes a straightforward analysis of the § 3553(a) factors. The consecutive, top-of-guidelines sentence is based on the exceptional egregiousness of the crime, the use of child pornography in

the abuse of Olson's stepdaughter, and the need for deterrence and incapacitation. The "most important part" of the case, says the district court, is protecting the public from future crimes by Olson. The district court emphasizes the risk to the community from a "profoundly disturbed" individual who is a hands-on offender. Although the district court addresses the § 3553(a) factor of "medical and correctional treatment," Olson has not met his burden of showing a reasonable probability of a lesser sentence. In this case, even if an error occurred, its effect is uncertain, indeterminate, and speculative.

Because the judgment of the district court should be affirmed, I dissent.

# TABLE

**Applying plain-error review**

*United States v. Martin*, No. 09-5047, 2011 WL 3849889, at *4 (4th Cir. Sept. 1, 2011) (unpublished) (per curiam)

*United States v. Henderson*, 646 F.3d 223, 225 (5th Cir. 2011)

*United States v. Tapia*, ___ F.3d ___, ___, 2011 WL 6091308, at *2 (9th Cir. Dec. 8, 2011) (on remand from Supreme Court)

*United States v. Grant*, ___ F.3d ___, ___, 2011 WL 6016182, at *3 (9th Cir. Dec. 5, 2011)

*United States v. Cordery*, 656 F.3d 1103, 1105 (10th Cir. 2011)

*United States v. Cardenas-Mireles*, No. 11-2138, 2011 WL 6394280, at *2 (10th Cir. Dec. 21, 2011)

## Acknowledging plain-error review as proper standard

*United States v. Molignaro*, 649 F.3d 1, 2 n.1 (1st Cir. 2011) (assuming plain-error review would apply, but applying *de novo* review because the sentencing judge made clear he understood defendant objected at sentencing)

*United States v. Orrellana-Rosales*, No. 11-11395, 2011 WL 5420830, at *1 n.1 (11th Cir. Nov. 9, 2011) (noting that the court "ordinarily would apply a more stringent plain error standard of review," but applying abuse of discretion because the defendant's claim of error was based on the court's comment in a sidebar after the sentence was announced)

## Others

*United States v. Walker*, 649 F.3d 511, 513 (6th Cir. 2011) (reviewing under a deferential abuse-of-discretion standard)

*United States v. Kubeczko*, 660 F.3d 260, 261 (7th Cir. 2011) (mentioning no standard of review, but apparently applying *de novo* review)

_____