In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3527

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

COREY D. WINTERS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09 CR 254—**Charles N. Clevert, Jr.**, *Chief Judge.*

ARGUED APRIL 20, 2012—DECIDED AUGUST 29, 2012

Before MANION, ROVNER, and WILLIAMS, *Circuit Judges.*

MANION, *Circuit Judge.* Corey Winters pleaded guilty to conspiracy to possess with the intent to distribute large quantities of drugs. The plea agreement provided that the government would recommend a base offense level of 32. But at sentencing the government concurred in the Presentence Investigation Report's ("PSR") conclusion that Winters was a career offender, which raised Winters's offense level to 37. The district court

adopted the PSR, set Winters's offense level at 37, and sentenced him to 165 months' imprisonment, well below the recommended Guidelines. Winters appeals, arguing that the government violated the plea agreement by not recommending to the district court a base offense level of 32. The Supreme Court's decision in *Sykes v. United States*, 131 S.Ct. 2267 (2011), overrode that recommendation. We affirm the district court's sentence.

I.

Corey Winters was part of a large drug conspiracy in Wisconsin. He eventually pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Among other things, the plea agreement provided: "The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 32 under Sentencing Guidelines Manual § 2D1.1(c)(4)."

The PSR prepared by the United States Probation Office, however, determined that Winters was a career offender under U.S.S.G. § 4B1.1(b). The PSR thus set Winters's offense level at 37 based on the career offender provisions of the Sentencing Guidelines. U.S.S.G. § 4B1.1(b).

Winters objected to the PSR's determination that he was a career offender, arguing that his prior convictions

for fleeing were not crimes of violence and thus did not qualify him as a career offender for purposes of the Sentencing Guidelines. In making this argument, Winters acknowledged that whether these convictions potentially qualified for purposes of the career offender status was then under review by the Supreme Court in *United States v. Sykes*, 598 F.3d 334 (7th Cir. 2010), *cert. granted* 131 S.Ct. 63 (2010). Winters requested and received several continuances of his sentencing hearing while *Sykes* remained pending.

In June of 2011, the Supreme Court held in *Sykes v. United States* that felony vehicle flight was a crime of violence for purposes of the career offender provisions. *Sykes v. United States*, 131 S.Ct. 2267, 2277 (2011). The Probation Office issued an updated PSR, which again concluded that Winters was a career offender based on his prior convictions. Sentencing proceeded on November 1, 2011.

At sentencing, the district court asked the government whether it had any objections to the PSR and the government responded: "No Judge, no objections to the facts nor the guideline calculation. With one exception which I believe, in any event, will be taken care of by the career offender status." The district court judge then turned to Winters's counsel who stated:

> Unfortunately, Mr. Winters is a career offender so a lot of the enhancements that we would object to really don't make a difference because he falls under the career offender category[.] . . . [T]hat isn't going to make any difference in the overall range

Mr. Winters falls in because of the career offender status in light of *U.S. v. Sykes*.

The district court then inquired whether Winters was withdrawing his objection to the career offender status in light of *Sykes*, but his counsel preserved the objection without further argument. The court then overruled Winters's objection and held that he was a career offender, and adopted the PSR's calculation of a final offense level of 37. With Winters's criminal history category of VI, the Guideline range was 262 to 327 months. The government recommended a sentence of 170 months pursuant to a motion for substantial assistance. Winters, while acknowledging his career offender status, stressed that the guidelines were advisory and asked for a 72-month sentence. The district court sentenced him to 165 months' imprisonment. Winters appeals, arguing solely that the government breached its plea agreement by not arguing for an offense level of 32.

## II.

At the sentencing hearing before the district court, Winters did not argue that the government had breached the plea agreement. Accordingly, this court's review is for plain error. *United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007). For there to be plain error, there must be error, the error must be clear or obvious, and the error must affect the defendant's substantial rights. *United States v. States*, 652 F.3d 734, 740 (7th Cir. 2011). Only then does this court have the discretion to remedy that error—a discretion which ought to be exercised only if

the error seriously affects the integrity of the judicial proceedings. *Id.*

Winters cannot establish plain error because his substantial rights were not affected. Winters's attorney acknowledged at the sentencing hearing that Winters was a career offender and on appeal Winters does not argue that he is not a career offender as defined by the Guidelines. Rather, Winters asserts that even though he is a career offender, the district court was not required to sentence him as such because the Guidelines are merely advisory.

"Although a judge is no longer required to give a guidelines sentence, he is required to make a correct determination of the guidelines sentencing range as the first step in deciding what sentence to impose." *United States v. Vrdolyak*, 593 F.3d 676, 678 (7th Cir. 2010). Thus, in determining Winters's sentence, the district court was required to first properly ascertain his Guideline sentencing range. And a proper calculation of Winters's Guideline range included the offense level of 37 based on his undisputed status as a career offender. Accordingly, even if the government had argued that Winters's offense level should be 32,[1] the district court is not

---

[1] The government argues that it did not breach the plea agreement because that agreement only required it to argue for a *base* offense level of 32. According to the government, the career offender provisions do not set the *base* offense level, but rather establish an adjusted offense level. Conversely, Winters

(continued...)

bound by the plea agreement. *United States v. Mankiewicz*, 122 F.3d 399, 403 n.1 (7th Cir. 1997). It is also highly unlikely the judge would have ignored the law and accepted that argument. Rather, in light of the undisputed facts, the district court would have set Winters's offense level at 37 based on his status as a career offender and sentenced him exactly as it did. Given the sentencing range of 262 to 327 months' imprisonment and the government's request of 170 months' imprisonment, the imposed sentence of 165 months was certainly fair and appropriate, and to some extent favorable to Winters. We AFFIRM.

---

[1] (...continued)

maintains that the career offender provisions, when applicable, establish a new base offense level and thus by agreeing with the career offender offense level of 37, the government violated the plea agreement. We need not resolve this dispute, however, because, as explained above, any breach of the plea agreement would be harmless.

---