NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2012
Decided December 10, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1601

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11CR00205-001 |
| APRIL L. COLE, *Defendant-Appellant.* | Sarah Evans Barker, *Judge.* |

### O R D E R

April Cole participated in a scheme in which "runners" cashed hundreds of false checks worth over $250,000, and eventually pleaded guilty to knowingly transferring false drivers' licenses, 18 U.S.C. § 1028(a)(2). The district court sentenced her to 36 months' imprisonment, the high end of a guidelines range that was increased for her role in organizing the scheme. See U.S.S.G. § 3B1.1(c). Cole filed a notice of appeal, but Cole's attorney asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Cole opposes this motion. See CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Cole's response. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Cole does not want her guilty plea set aside, and so counsel appropriately omits from his brief any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. See *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel and Cole first consider arguing that the district court erred by imposing a 2-level increase for Cole's role as organizer. See U.S.S.G. § 3B1.1(c). They point out that the government agreed with Cole to recommend a guidelines calculation that did not include this increase. But such agreements do not bind district courts, see FED. R. CRIM. P. 11(c)(1)(B); *United States v. Winters*, 695 F.3d 686, *5–6 (7th Cir. 2012); *United States v. Mankiewicz*, 122 F.3d 399, 403 n.1 (7th Cir. 1997), and the agreement here explicitly stated that the court would calculate the applicable guidelines range. The evidence, moreover, supports the court's conclusion that Cole was an organizer. A defendant is an organizer if she planned the crime or coordinated others to carry it out. U.S.S.G. § 3B1.1(c) cmt. n.4; *United States v. Knox*, 624 F.3d 865, 874 (7th Cir. 2010); *United States v. Doe*, 613 F.3d 681, 687 (7th Cir. 2010). Cole planned the crime: using her own equipment, she made the false checks and matching false IDs, which she gave to runners, who then brought her the money cashed from the checks; she in turn paid the runners and split the remainder of the money between herself and another organizer.

Counsel next considers challenging Cole's prison term as unreasonable, but concludes that such a challenge would be frivolous. The term is presumed reasonable because it is within the guidelines range, see *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and counsel has not identified any reason to set aside that presumption, nor can we. Looking to 18 U.S.C. § 3553(a), the court recognized that it was unlikely that Cole would commit additional crimes, but decided that a 36-month sentence was necessary for the purposes of general deterrence and punishing Cole.

Last, counsel considers arguing that the quality of his legal representation of Cole in the district court was deficient. But counsel correctly recognizes that he cannot be expected to challenge his own performance, see *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003), and that any ground for questioning his assistance would be more appropriately pressed in a collateral proceeding, see *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Persfull*, 660 F.3d 286, 299 (7th Cir. 2011).

The motion to withdraw is GRANTED and the appeal is DISMISSED.