# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2291

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Sirron R. Primers, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 11, 2010
Filed: January 15, 2010

_____

Before MURPHY and BYE, Circuit Judges, and STROM,[1] District Judge.

_____

PER CURIAM.

Upon revoking Sirron R. Primers supervised release, the district court[2] sentenced him to twelve months and one day in prison followed by two years of supervised release. Primers appeals claiming the two-year period of supervised release is unreasonable. We affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

The district court initially sentenced Primers to twelve months and one day in prison followed by no period of supervised release. When counsel for the government reminded the district court the probation office was recommending a period of supervised release to follow the period of imprisonment, the district court added the two-year period of supervised release without further explanation. Primers contends the district court's failure to explain the additional sentence – after already determining the initial sentence was sufficient – renders the two-year period of supervised release unreasonable because the district court did not adequately explain why that portion of the sentence was "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a).

Because Primers did not object or raise this claim in the district court, we review for plain error only. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). The district court's sentence, including the term of supervised release, was presumptively reasonable because it fell within the parameters of 18 U.S.C. § 3583. See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). As a consequence, a lengthy explanation of the § 3553(a) factors, or the district court's reasons for imposing its chosen sentence, were unnecessary. Id. (citing Rita v. United States, 551 U.S. 338, 356 (2007)).

The record shows Primers was arrested for violating the terms of his supervised release only eight months into a five-year period,[3] meaning his overall term of supervised release would be significantly reduced unless the district court imposed an additional term of supervised release following the term of imprisonment. The record

_____

[3]Primers was initially sentenced to eighty-four months in prison followed by five years of supervised release after pleading guilty to a drug conspiracy charge. The district court found Primers violated the conditions of his supervised release by using a controlled substance, failing to successfully participate in a drug treatment program (including failing to provide urine specimens), failing to maintain employment, and failing to notify his probation officer of a change of residence.

further shows this was the reason the probation office recommended an additional term of supervised release, and the district court indicated Primers would be required to do supervised release "on the court's terms" rather than on his own terms. Sent. Tr. at 21.

We find no plain error under these circumstances. The sentence is affirmed.

_____