# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1440

_____

United States of America

*Plaintiff - Appellee*

v.

Scott Alan Schupp

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 18, 2012
Filed: September 25, 2012
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Scott Schupp was charged with possession of photos showing him sexually abusing an 11 year old girl, and then pled guilty to production of child pornography

in violation of 18 U.S.C. § 2251(a).  The district court[1] calculated his guideline range to be the 360 month statutory maximum.  After adjusting the sentence downward to reflect time served as part of a related state sentence, the district court sentenced him to 327 months imprisonment and 15 years of supervised release.  Schupp appeals his sentence, arguing that the district court erred in not taking his lack of criminal history into account and that his sentence was substantively unreasonable.  We affirm.

Schupp had taken pictures of himself sexually abusing the 11 year old daughter of the woman with whom he was living. Schupp would enter the victim's room with a flashlight in order to photograph her vagina and take pictures of him touching her private parts.  Police discovered these photos on Schupp's computer.  He was convicted of third degree sexual abuse in Iowa state court and sentenced to an indefinite prison term of up to 10 years plus a life term of probation.  Schupp also pled guilty to federal charges of "us[ing] and attempt[ing] to use a minor female to engage in sexually explicit conduct, specifically, the lascivious display of the genitals, for the purpose of producing one or more visual depictions of such conduct by use of camera."  See 18 U.S.C. § 2251(a), (e).

The federal presentence investigation report (PSR) calculated Schupp's guideline range to be the statutory maximum of 360 months imprisonment and a supervised release term of between 5 years and life.  The federal sentencing guidelines recommended the maximum term of supervised release since Schupp had committed a sex offense.  See U.S.S.G. § 5D1.2(b).  Schupp filed a motion for a downward variance based on his lack of criminal history.  The government opposed the motion, arguing that Schupp's offense was serious and that he posed a danger to the community.

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

In rejecting a downward variance, the district court noted that Schupp's abuse against a child under his care had occurred on multiple occasions over a sustained period of time. While Schupp did not have a criminal history, the district court observed that this was true of most child pornography defendants. A downward variance would violate § 3553(a)(6)'s admonishment that defendants with similar records should receive similar sentences.

After adjusting for time served in the related state case, the court sentenced Schupp to 327 months and 15 years of supervised release. The district court stated that "I have intentionally imposed the 15 years on his federal time because of the type of treatment and supervision we have available in the federal system." Schupp appeals his sentence of imprisonment and supervised release, arguing that the court did not take his lack of criminal history into account and that the sentence was substantively unreasonable.

This court reviews interpretations and applications of the sentencing guidelines de novo, and factual findings for clear error. United States v. Betone, 636 F.3d 384, 388 (8th Cir. 2011). We first ensure that the "district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." United States v. Bain, 586 F.3d 634, 637 (8th Cir. 2009) (citation and quotation omitted). If the decision is procedurally sound, we review the substantive reasonableness of the sentence for abuse of discretion. Id. A sentence within the guideline range is presumptively reasonable. United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008).

Schupp argues that the district court did not take into account his lack of a criminal history in refusing to grant him a downward variance. The district court examined this argument but found a variance inappropriate "in this type of offense and for this particular man." It acknowledged that absence of criminal history could "form the basis, even sole basis, for a downward variance." See United States v.

Chase, 560 F.3d 828, 831 (8th Cir. 2009), but it elected not to vary in light of the seriousness of the case and the danger Schupp posed to children.

The district court committed no procedural error. Contrary to Schupp's argument, the district court did not categorically deny any possibility of a variance for lack of criminal history. Instead, the court "looked at Mr. Schupp as an individual and his specific characteristics and background and criminal offense" and decided against a variance. The district court exercised its "substantial latitude to determine how much weight to give the various factors under § 3553(a)." United States v. Ruelas-Mendez, 556 F.3d 655, 657 (8th Cir. 2009).

Schupp's lack of prior criminal history also did not make his sentence substantively unreasonable. The district court issued a sentence within the guideline range after a lengthy consideration of the § 3553 factors. It noted that Schupp's conduct was serious, that he presented a danger to the community, and that he had abused a particularly vulnerable victim. The district court did not abuse its discretion in imposing the guideline sentence.

Schupp also argues that the court erred in sentencing him to 15 years of supervised release. As Schupp did not object to the district court's treatment of this factor at sentencing, we review the district court for plain error. United States v. Woods, 642 F.3d 640, 645 (8th Cir. 2011). If there is no procedural error, we review the substantive reasonableness of the sentence for abuse of discretion. Bain, 586 F.3d at 637.

No procedural error has been shown. The district court discussed the significance of Schupp's lack of criminal history at sentencing, and Schupp points to no authority indicating that a separate analysis for purpose of supervised release is required.

The supervised release term was also substantively reasonable. The statute authorizes supervised release of between 5 years and life. The district court's term of 15 years is "presumptively reasonable because it fell within the parameters of 18 U.S.C. § 3583." United States v. Primers, 361 F. App'x 701, 702 (8th Cir. 2010) (per curiam) (unpublished). Given the district court's discussion of Schupp's danger to children and the seriousness of his offense, the 15 year term of supervised release is not unreasonable.

Finally, we stress that the district court justified Schupp's 15 year term of supervised release "because of the type of treatment and supervision that we have available in the federal system." In Tapia v. United States, 131 S. Ct. 2382 (2011), the Supreme Court held that the a criminal defendant cannot have a term of imprisonment imposed or lengthened "in order to foster [his] rehabilitation." Id. at 2386.

This court has not yet determined whether Tapia applies to the imposition of supervised release. In United States v. Olson, 667 F.3d 958 (8th Cir. 2012), however, we indicated that a district court "may order a special condition of supervised release which is reasonably related to the . . . treatment of the defendant's correctional needs." Id. at 963. Tapia relied on language in 18 U.S.C. § 3582(a) stating that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 131 S. Ct. at 2388. This language is however not present in § 3583 which governs supervised release terms. Instead, § 3583(d) mandates that the court assign defendants to rehabilitation programs in certain domestic abuse cases, and it generally instructs courts to consider whether the terms and conditions of the supervised release will serve the defendant's correctional interests. 18 U.S.C. § 3583(c) (citing 18 U.S.C. § 3553(a)(2)(D)). For these reasons, we conclude that Tapia does not apply to the imposition of supervised release.

The sentence of the district court is affirmed.

_____