# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1487

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Hammond

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 18, 2012
Filed: October 30, 2012
[Published]

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Adam Hammond pleaded guilty to one count of enticement of a minor for the purpose of engaging in prohibited sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of enticement of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C.

§ 2251(a) and (e).  The district court[1] sentenced him to two concurrent sentences of 240 months' imprisonment and fifteen years' supervised release.  Hammond appeals the district court's denial of a downward variance from the Guidelines range of 235 to 293 months.  We affirm.

Hammond argues he is entitled to a downward variance based on 18 U.S.C. § 3553(a).  Under § 3553(a), courts consider a variety of factors before imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," "the seriousness of the offense," the need "to afford adequate deterrence to criminal conduct," the need "to protect the public," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(1), (2)(A)-(C), (6).

Because Hammond's victim was eleven years old for much of the material time period in this case, the district court applied United States Sentencing Guidelines Manual § 2G1.3(b)(5), which enhances the base level offense by eight levels where the crime involved a child under the age of twelve.  Both parties agree Hammond believed the victim was thirteen, but they also agree that § 2G1.3(b)(5) applies even when the defendant did not know the victim was under the age of twelve.  Thus, the contested issue on appeal is not whether the enhancement was properly applied to Hammond, but whether Hammond's ignorance of the victim's true age is a characteristic under § 3553 that merits a downward variance.[2]

---

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

[2] On appeal, it appears Hammond argues only that the district court should have compensated for § 2G1.3(b)(5) by granting a downward variance; he does not argue the application of § 2G1.3(b)(5) was itself error.  At the sentencing hearing, Hammond objected to application of the enhancement altogether and seemed to suggest it should only apply to defendants who *knew* the victim was under twelve

Hammond argues that because he believed the victim to be thirteen—because he did not know she was under the age of twelve—the application of § 2G1.3(b)(5) unfairly subjects him to the same sentencing range as offenders who purposely seek out prepubescent victims. He argues that unlike the majority of offenders subject to the enhancement, he did not intentionally seek out a victim under the age of twelve. He claims his ignorance of the victim's true age distinguishes him from the type of offender the enhancement was designed to target, and he should have been granted a downward variance from the Guidelines range based on that distinction.

"We do have authority to review the court's refusal to grant a downward variance for abuse of discretion." United States v. Brown, 627 F.3d 1068, 1074 (8th Cir. 2010) (citing Gall v. United States, 552 U.S. 38, 46 (2007)). "When we review a defendant's sentence to determine whether it is unreasonable with regard to the application of 18 U.S.C. § 3553(a), we apply a deferential abuse-of-discretion standard." United States v. Acosta, 619 F.3d 956, 962-63 (8th Cir. 2010) (quoting United States v. Gonzalez, 573 F.3d 600, 607 (8th Cir. 2009)). "In explaining the sentence the district court need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id. at 963.

We conclude "the district court thoroughly considered the relevant factors set forth in § 3553(a) and reached a substantively reasonable conclusion." United States v. Bauer, 626 F.3d 1004, 1010 (8th Cir. 2010). The district court specifically pointed to the seriousness of Hammond's offense, the need to protect the public, and the need to deter future crimes as statutory factors weighing in favor of a sentence within the

years of age. We interpret Hammond's appeal as limited to whether the district court abused its discretion by failing to grant a downward variance, and we restrict our analysis accordingly.

Guidelines range. Moreover, "[t]he district court's decision to place greater emphasis in this case on factors that favored a sentence within the advisory range . . . than on other 3553(a) factors that might favor a more lenient sentence is a permissible exercise of the considerable discretion available to a sentencing court under the post-Booker regime." United States v. Ruelas-Mendez, 556 F.3d 655, 658 (8th Cir. 2009). The district court's statements, specifically that "dealing with the age even that you knew, 13 years old, for somebody of your age is a small difference to me from a 12-year-old or 11-year-old," show the court considered Hammond's ignorance of the victim's true age and determined it did not carry sufficient weight to offset the other statutory factors.

For these reasons, we affirm the judgment of the district court.

_____