**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4553**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FLOYD LEWIS MILLER,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:11-cr-00164-3)

———————

Submitted: December 28, 2012    Decided: February 1, 2013

———————

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Carl E. Hostler, PRIM LAW FIRM, Hurricane, West Virginia, for Appellant. Joseph Franklin Adams, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Floyd Lewis Miller appeals his conviction and ninety-seven month sentence following a guilty plea to conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (2006). In accordance with Anders v. California, 386 U.S. 738 (1967), Miller's counsel has filed a brief certifying that there are no meritorious issues for appeal but questioning the district court's findings regarding the quantity of drugs attributable to Miller for sentencing purposes, the court's refusal to grant Miller a departure or variance based on his age and poor health, and whether Miller's sentence is unreasonably disparate when compared with the sentences of his co-conspirators. Although notified of his right to do so, Miller did not file a supplemental pro se brief. Finding no error, we affirm.

We review Miller's sentence for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for significant procedural errors, including improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing under clearly erroneous facts, or failing to adequately explain the sentence. Id. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d

2

325, 328 (4th Cir. 2009). A sentence within a properly-calculated Guidelines range is presumed reasonable. United States v. Powell, 650 F.3d 388, 395 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011).

We review Miller's claim that the district court erred in relying on the testimony of his co-conspirator when determining the quantity of drugs properly attributed to Miller for sentencing purposes for clear error. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). Further, when, as here, a district court's factual findings at sentencing are based on witness testimony, we grant great deference to the court's credibility determinations. Id. Applying these standards, and recognizing that the district court adopted a relatively conservative finding of the drug quantity attributable to Miller, we find no error, clear or otherwise.

Further, we lack authority to review the district court's refusal to grant Miller a departure unless the refusal was based on the mistaken belief that it lacked the power to do so. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Here, there is no indication of such a mistake. Moreover, the district court cited numerous considerations that counseled for a within-Guidelines range sentence and, therefore, did not abuse its discretion in refusing Miller's request for a variance. See United States v. Hammond, 698 F.3d 679, 681 (8th Cir. 2012) (per

3

curiam) (reviewing refusal to grant variance for abuse of discretion).

Similarly, we find no error in the district court's refusal to sentence Miller more leniently than his co-conspirators. Although 18 U.S.C. § 3553(a)(6) directs the district court to consider disparities in sentencing when imposing sentence, a district court has "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.), cert. denied, 132 S. Ct. 187 (2011). The district court here offered a sufficiently individualized explanation for Miller's sentence and did not abuse its discretion. See United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007) (reasons court articulates for a given sentence need not be couched in precise terms of § 3553(a) so long as they can be matched to factor appropriate for consideration and are clearly based on the defendant's individual circumstances).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Miller's conviction and sentence. This court requires that counsel inform Miller, in writing, of his right to petition the Supreme Court of the United States for further review. If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may

4

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>