NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0248n.06

Case No. 14-5169

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| | ) | **FILED** |
| UNITED STATES OF AMERICA, | ) | Apr 07, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DAVID ALLEN CAMPBELL, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

O P I N I O N

BEFORE: GUY, COOK, and McKEAGUE, Circuit Judges.

McKEAGUE, Circuit Judge. David Campbell pleaded guilty to producing child pornography and received thirty years in prison. He challenges the procedural reasonableness of his sentence. Finding no error, we affirm.

We need not linger on Campbell's undisputed—and undisputedly despicable—conduct. In 2013, he sexually abused his four-year-old stepdaughter, videotaped the abuse, and distributed the videos for others to watch. Since 1988, he did the same to his biological daughter— beginning when she was six years old. R. 48 at 4–6; *see* R. 40 at 2. The FBI discovered what Campbell had done, and a grand jury indicted him on multiple counts relating to his conduct.

Campbell pleaded guilty to one count: producing child pornography (of his four-year-old stepdaughter) in violation of 18 U.S.C. § 2251(a). He awaited his sentence.

Because of the many applicable sentencing enhancements (like the young age of the victim), Campbell's guidelines range was 360 months to life. R. 62 (Sentencing Tr.) at 5–6, 8. But the statute caps the sentence at a maximum of 360 months, § 2251(e), which is what the district court gave Campbell. In doing so, the court denied Campbell's request for a downward, below-guidelines variance. Before making its decision, the court heard devastating testimony from the victim's mother and grandmother about how the girl would spend the rest of her life in and out of the doctor's office trying to endure the memory of being sexually abused by someone she trusted—someone she called "daddy." *Id.* at 9–14. It heard from each side—from the defense, that Campbell himself was abused as a child and was an alcoholic; and from the government, that this was "perhaps the most aggravated . . . offense conduct" it had ever seen. R. 62 at 25. And the court heard from Campbell himself, who testified that although he's "really sorry" about what he did, he is "a victim too." R. 62 at 28–29. The court then concluded: "[B]eing honest about the 3553(a) factors"—"not acting on emotion" but "looking at every one of the[]" factors—a 360-month sentence was eminently reasonable. R. 62 at 31–33.

Campbell argues on appeal that the district court applied a procedurally unreasonable sentence for three specific reasons. None has merit.

(1) *Categorical Denial of a Variance*. Campbell first argues that the court categorically denied a downward variance by refusing to apply the § 3553(a) factors. As support, Campbell cites the court's comment that if other courts "keep on varying and keep on being lenient, our society's going to go to hell." R. 62 at 34. And he cites the court's comment that if another

court varied downward in a similar case, that court would be elevating certain factors over others and would be "clearly not thinking about the children." R. 62 at 31.

These passionate remarks are isolated compared to the court's dispassionate consideration of the § 3553(a) factors. The record of the hour-long sentencing hearing clearly shows us that the district court struggled with whether to apply a downward variance, thoroughly examined the § 3553(a) factors, and only then, after careful deliberation, denied the downward variance. R. 62 at 16–34; *accord United States v. Schupp*, 488 F. App'x 170, 172 (8th Cir. 2012). The court stressed, for example, that it does not "deliver[] the hammer at every opportunity" but instead "empathize[s] with people's personal situations" and "tr[ies] to help people out." R. 62 at 17. The court "struggl[ed] with how, *under 3553[a]*, [it had] grounds to vary" and wanted to know "how to [vary] *under the 3553(a) factors*." *Id.* at 19, 21 (emphasis added). And most importantly, it twice went through § 3553(a), factor by factor, and found that the factors on the whole cut heavily in favor of a higher sentence—higher even than 360 months. *Id.* at 19–21, 31–33. All of this was plenty to show us that the court did not—and will not— *categorically* deny a downward variance; it did—and will—consider the factors.

(2) *Failure to Consider Certain Factors*. That conclusion all but resolves Campbell's next challenge: that the court failed to consider Campbell's "history and characteristics," § 3553(a)(1), one of the specific sentencing factors. The opposite is true.

District courts must only "*consider* the § 3553(a) factors" and explain such consideration "to a sufficient degree to allow for meaningful appellate review." *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012); *see United States v. Baugh*, No. 13-5982, 2015 WL 1219600, at *3–*4 (6th Cir. Mar. 18, 2015). The court here did that and more. It expressed that it "underst[oo]d everything [defense counsel was] saying" about Campbell's history and

characteristics. R. 62 at 20. It acknowledged that Campbell could be "a loving man, someone who cares about people, [and] someone who was a productive member of society." *Id.* at 21. And it even expressed "empathy for anyone that goes through what" Campbell went through. *Id.* at 30. After this deliberate consideration, it found that the other § 3553(a) factors outweighed Campbell's history and characteristics, *see, e.g.*, *id.* at 32—a perfectly reasonable decision. Campbell's counsel below agreed that the court "sufficiently cover[ed] the 3553(a) factors" and did not need "to cover [any] in more detail." *Id.* at 37. A wise choice by counsel, for the district court *did* cover the factors—including Campbell's history and characteristics—in sufficient detail for us to review, *Zobel*, 696 F.3d at 566 . . . and for us to affirm.

(3) *Sentencing Disparity*. Campbell's final (and weakest) argument is that the district court committed procedural error by creating an "unwarranted sentence disparit[y]," § 3553(a)(6), compared to the defendant in *Richards* (who received sixteen years for the same crime, 659 F.3d 527, 530 (6th Cir. 2011)). But his argument fails on *Richards'* own terms: "It is the essence of discretion that it may properly be exercised in different ways and likewise appear differently to different eyes." *Id.* at 551 (citation omitted). Discretion, put differently, *necessarily* means that different district courts will sentence different defendants to different sentences, even for similar conduct. *See United States v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008) (en banc). A correct calculation of the guidelines solves this disparity, *Gall v. United States*, 552 U.S. 38, 54 (2007), and no one argues that the court didn't correctly calculate the guidelines. The court, moreover, expressly considered the need to avoid "an unwarranted sentencing disparity" *going the other way*—a disparity between Campbell and "defendants who [c]ourts every day, for this conduct, sentence to life." R. 62 at 20. We find no error.

Having rejected Campbell's arguments, we hold that the district court applied a reasonable sentence. We accordingly affirm.