[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2011
JOHN LEY
CLERK

No. 11-12144
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20887-CMA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSIE JAMES GREGG,
a.k.a. Jessie Gregg,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 3, 2011)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jessie Gregg appeals his sentence of 151 months of imprisonment for bank robbery. 18 U.S.C. § 2113(a), (d). Gregg argues that his sentence is unreasonable. We affirm.

Gregg's sentence is reasonable. Gregg argues that the district court erroneously "impos[ed] . . . a prison term to promote [his] rehabilitation," see Tapia v. United States, 564 U.S. ___, 131 S. Ct. 2382, 2391 (2011), but the district court stated that it was "not sure that the sentence should take into account the need for training or education," and it did not "base[] [Gregg's] sentence on [that] impermissible factor[]," United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). The district court reasonably determined that Gregg should receive a "high sentence" based on the "serious" nature of his "armed bank robbery"; his "distressing personal history consisting of a continuous, repeated, practically nonstop life of crime from a very young age of 12"; his inability to "live outside an institutional setting respectful of other rights to liberty, . . . security, . . . [and] to own property"; and the need to deter him from future similar crimes. The district court did not abuse its discretion.

We **AFFIRM** Gregg's sentence.