11-1088-cr
United States v. Gilliard

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Submitted: February 8, 2012    Decided: February 17, 2012)

Docket No. 11-1088-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

–v.–

TROY GILLIARD, AKA T ROY,

*Defendant-Appellant.*

_____

Before:

 WESLEY, LOHIER, *Circuit Judges*, and ROSENTHAL, *District Judge*.[*]

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*), following Defendant's guilty plea to conspiring to distribute and possess with the intent to distribute heroin. The district court sentenced Defendant principally to a term of 96 months' imprisonment. Defendant contends that the above-Guidelines sentence was procedurally unreasonable because the district court impermissibly based the sentence on his rehabilitative needs. Defendant also challenges the sentence as substantively unreasonable. We hold that the district court did not impose the prison term to promote

_____

[*] The Honorable Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

Defendant's rehabilitative needs and that the court's discussion of rehabilitation during the sentencing proceeding was permissible. We conclude that the sentence was neither procedurally nor substantively unreasonable.

**AFFIRMED**.

---

Steven M. Statsinger, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, *for Defendant-Appellant.*

Niketh Velamoor, Iris Lan, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

---

WESLEY, *Circuit Judge*:

Defendant-Appellant Troy Gilliard appeals from a March 9, 2011 judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*), following his guilty plea to conspiring to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. The district court sentenced Gilliard principally to a term of 96 months' imprisonment. Gilliard contends that the above-Guidelines sentence was procedurally unreasonable in light of *Tapia v. United States*, 131 S. Ct. 2382 (2011), because the district court impermissibly based the sentence, at least in part, on his

2

rehabilitative needs. We disagree and conclude, based on our review of the record, that the district court did not impose the prison term to promote Gilliard's rehabilitative needs and that the court's discussion of rehabilitation during the sentencing proceeding was permissible. We also disagree with Gilliard's contention that the sentence was substantively unreasonable. Accordingly, we affirm the sentence imposed by the district court.

In July 2010, Gilliard was arrested after a series of authorized communication intercepts confirmed that he was involved in heroin trafficking. On November 12, 2010, Gilliard pled guilty to conspiring to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Under the plea agreement, the parties stipulated that the calculated Sentencing Guidelines range was 57 to 71 months' imprisonment.

In Gilliard's Presentence Report ("PSR"), the Probation Office made the same calculation. In arriving at that calculation, the PSR set forth Gilliard's troubled past. He had New York state convictions for grand larceny and bail jumping, and a federal conviction for money laundering (related to his involvement in distributing prescription

3

drugs), for which he was sentenced to 100 months' imprisonment. Gilliard also had additional prior convictions for escape, assault, and possession of a controlled substance, each resulting in either a prison sentence or fine. Moreover, Gilliard violated the terms of his supervised release on multiple occasions. Most notably, Gilliard committed the instant offense while on supervised release. The Probation Office ultimately recommended a sentence of 65 months' imprisonment.

Gilliard argued in his sentencing submission that 57 months would be sufficient, asserting principally that his involvement in narcotics trafficking stemmed from debilitating medical issues that led him to self-medicate and to sell narcotics. The government responded that a sentence within the advisory Guidelines range of 57 to 71 months was appropriate, given that the instant offense represented Gilliard's eighth criminal conviction and second narcotics-related federal conviction.

At the sentencing proceeding, the district court also calculated the applicable Guidelines range to be 57 to 71 months and confirmed that neither party had any objections to the calculation. In response to defense counsel's

4

confirmation that Gilliard was asking for a Guidelines sentence, the district court explained that it could not reconcile Gilliard's health struggles stemming from a car accident and his ensuing efforts to self-medicate with his prior crimes which preceded and continued after the accident.

After providing Gilliard an opportunity to address the court, the district court focused on several sentencing factors in turn. With respect to Gilliard's "extensive criminal history," the district court took into account the federal conviction for money laundering—which related to drug dealing—and Gilliard's failed attempts to comply with the terms of supervised release. The district court again was skeptical of the connection between Gilliard's efforts to self-medicate and the crime at issue, noting that many people with pain do not resort to selling heroin. Turning to "the facts and circumstances of the crime," the district court described the seriousness of the crime of conspiring to sell heroin and suggested that the amount of drugs attributed to Gilliard was relatively small compared to the amount of drugs actually involved. The district court then addressed the goal of specific deterrence, stating that it

sought to impose an appropriate sentence to prevent Gilliard from committing similar crimes in the future.

Finally, the district court addressed Gilliard's own needs while in custody by noting:

> I think you obviously had a substance abuse problem. You obviously also have medical issues that need to be dealt with. You also have psychiatric issues that need to be dealt with and have been dealt with sort of sporadically over a number of years. But those are important things. And it's important, as [defense counsel] has requested, that you be sentenced in such a way that you are able to address those problems; that you have access to facilities and care that will enable you to deal with these problems. So that's something, obviously, I take very, very seriously, and will, in fashioning my sentence.

A 124.

Before imposing the sentence, the district court explained that all the arguments made by defense counsel in support of a lower sentence were "outweighed by what [the court] consider[ed] to be the high, high likelihood of recidivism and the serious nature of the crime committed and the crimes committed in the past." A 125. The district court concluded that an above-Guidelines sentence was warranted. Although it had contemplated a 10-year sentence, the district court ultimately decided that an 8-year sentence was appropriate "in light of everything [the court

6

had] talked about."  A 125-26.  After imposing a term of 96 months' imprisonment, the district court stated its intent to recommend to the Bureau of Prisons ("BOP") that Gilliard be placed close to family and in a facility with effective drug treatment programs.

We review a district court's sentence for reasonableness.  *See, e.g.*, *United States v. Booker*, 543 U.S. 220, 261-62 (2005).  Under this "deferential abuse-of-discretion standard," we first consider whether the district court committed procedural error.  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted).  A district court "errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact."  *Id.* at 190.

Gilliard argues that the sentence was procedurally unreasonable because the district court violated 18 U.S.C. § 3582(a) by imposing a term of imprisonment to promote his rehabilitative needs.  As a preliminary matter, we note that Gilliard did not raise this argument before the district court, and thus it would normally be subject to plain error review.  *See United States v. Villafuerte*, 502 F.3d 204, 208

7

(2d Cir. 2007). In cases such as this one, however, where the claim is based on an intervening Supreme Court decision, this Circuit has previously applied a "modified" plain error review, which requires the government to prove that the error was harmless. *United States v. Needham*, 604 F.3d 673, 678 (2d Cir. 2010). Although it is unclear whether this standard continues to apply, *see id.*, we need not decide between the two standards because under either, we conclude that the district court committed no error in light of the Supreme Court's decision in *Tapia*.

In *Tapia*, the Supreme Court held that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation," but allows the court to discuss "opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." 131 S. Ct. at 2391-92. The Court relied on the text of § 3582(a), which provides:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.* In determining whether to make a

8

recommendation concerning the type of prison facility appropriate for the defendant, the court shall consider any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2).

18 U.S.C. § 3582(a) (emphasis added). In light of the plain language of the statute, the Court explained, "when sentencing an offender to prison, the court shall consider all the purposes of punishment except rehabilitation—because imprisonment is not an appropriate means of pursuing that goal." *Tapia*, 131 S. Ct. at 2389. The Court also reasoned that because § 3582(a) allows a court to make recommendations concerning rehabilitation, the district court "did nothing wrong . . . in trying to get [the defendant] into an effective drug treatment program." *Id.* at 2392.

But the Court concluded, based on excerpts from the sentencing transcript, that the district court may have selected the *length* of the sentence to ensure that the defendant could complete a 500-hour drug treatment program. *Id.* at 2392-93. Most notably, the district court explained that "[t]he sentence has to be sufficient to provide needed correctional treatment," and that the defendant should be "in long enough to get the 500 Hour Drug Program." *Id.* at

9

2385.  These statements, according to the Court, suggested that the district court did more than what was permissible under § 3582(a).[1]  *Id.* at 2393.

Gilliard contends that the district court erred in considering Gilliard's "own needs while in custody" in imposing the sentence.  Gilliard focuses on two statements made by the district court to argue that the sentence was unlawfully imposed in light of *Tapia*.  First, the district court explained that it was "important, as [defense counsel] has requested, that [Gilliard] be sentenced in such a way that [he is] able to address those [substance abuse, medical, and psychiatric] problems."  A 124.  Second, the district court concluded that eight years "is the appropriate sentence in light of everything [the judge had] talked about."  A 125-26.

---

[1] Justice Sotomayor, joined by Justice Alito, concurred to express her skepticism that the district court imposed or lengthened the defendant's sentence to promote rehabilitation. *Tapia*, 131 S. Ct. at 2393-94 (Sotomayor, J., concurring).  She noted that the district court carefully reviewed the sentencing factors set forth in § 3553(a) and offered two reasons for choosing the sentence: the need for drug treatment and deterrence.  *Id.* at 2393.  With respect to the latter reason, the district court highlighted the defendant's criminal history and criminal conduct while released on bail.  *Id.* at 2393-94. Notwithstanding her skepticism, Justice Sotomayor concluded that she could not be certain that the district court did not lengthen the defendant's sentence to promote rehabilitation in violation of § 3582(a), and thus agreed with the Court's disposition of the case.  *Id.* at 2394.

Unlike in *Tapia*, the record here does not suggest that the *length* of Gilliard's sentence was based on the district court's consideration of his rehabilitative needs. Instead, the district court permissibly applied the applicable sentencing factors under § 3553(a), addressing (1) Gilliard's extensive criminal history and failures to comply with the terms of his supervised release; (2) the facts and circumstances of Gilliard's drug-related crime; and (3) the goal of deterrence and Gilliard's high likelihood of recidivism.

The sentencing in *Tapia* was improper because the district court explicitly stated that the defendant needed a sentence long enough so that she could participate in the 500-hour drug treatment program. Here, there is no indication that the district court tied the length of the sentence to any treatment Gilliard would receive. To the contrary, whenever the district court discussed Gilliard's rehabilitative needs, it did so in the context of recommending to the BOP appropriate treatment programs he should receive while in custody—not with regard to whether he should spend more time in prison for treatment purposes. The district court's recommendations—including that Gilliard

11

have access to facilities and care that would enable him to deal with his problems—were well within what the Supreme Court deemed permissible in *Tapia*. *See Tapia* 131 S. Ct. at 2392.

Our conclusion is consistent with our recent application of *Tapia*, as well as the decisions of several other circuits finding that, notwithstanding discussion of rehabilitation in the record, there was no error where the sentence length was based on permissible considerations, such as criminal history, deterrence, and public protection. *See United States v. Magner*, No. 11-0751-cr, 2012 WL 206013, at *2 (2d Cir. Jan. 25, 2012); *see also United States v. Tolbert*, ---F.3d----, 2012 WL 413806, at *5 (6th Cir. 2012); *United States v. Blackmon*, 662 F.3d 981, 987 (8th Cir. 2011); *United States v. Cardenas-Mireles*, No. 11-2138, 2011 WL 6394280, at *3 (10th Cir. Dec. 21, 2011); *United States v. Gregg*, No. 11-12144, 2011 WL 5248165, at *1 (11th Cir. Nov. 3, 2011).

To be sure, our sister circuits in several other recent cases have found error where the record revealed that the defendant's rehabilitative needs influenced the *length* of imprisonment. In *United States v. Cordery*, 656 F.3d 1103

12

(10th Cir. 2011), the Tenth Circuit found error in the sentence when the district court commented that, after taking into account the time that the defendant had already served, the defendant "need[ed] a sentence of at least 56 months to be able to successfully complete that [treatment] program together with mental health counseling." *Id.* at 1105. In *United States v. Himes*, 439 F. App'x 272 (4th Cir. 2011), the Fourth Circuit held that the district court impermissibly considered the defendant's need for rehabilitation when the district court noted that an increased sentence of 34 months would "provide enough time for [the defendant] to be admitted to the [500-hour residential drug] program and complete that program." *Id.* at 274-75. Finally, in *United States v. Kubeczko*, 660 F.3d 260 (7th Cir. 2011), the Seventh Circuit held that the defendant was entitled to resentencing after the district court explained that "[a] stay in the Bureau of Prisons of a significant length [was] necessary in order for [the defendant] to get the Bureau of Prisons' inpatient treatment program." *Id.* at 261.

A common theme exists between *Tapia* and those cases in which our sister circuits found error—in all four cases, the

13

sentencing judge explicitly tied the need to impose a sentence of particular length to the defendant's ability to participate in a drug treatment program. That connection is missing here. Rather, the record indicates that Gilliard's sentence was based on, among other permissible reasons, his extensive criminal history. The district court discussed Gilliard's rehabilitation only in the context of making its recommendations to the BOP, and in so doing, did no more than what was deemed permissible in *Tapia.* Accordingly, Gilliard's claim of procedural unreasonableness fails.

Gilliard also challenges the substantive reasonableness of his sentence. In reviewing that claim, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Id.* at 189. Rather, we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of

14

permissible decisions.'" *Id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Gilliard contends that his sentence was substantively unreasonable because the district court gave too much weight to his criminal history and the offense conduct itself. Gilliard also argues that the district court undervalued his poor mental and physical health and the relationship between his substance abuse problem and his criminal conduct. We disagree.

The district court properly considered, and was well within its discretion to give great weight to, (1) Gilliard's extensive criminal history and failed attempts to comply with terms of his supervised release; (2) the facts and circumstances of his crime; and (3) his high likelihood of recidivism and the need to deter him from committing future crimes. Moreover, the district court thoroughly considered Gilliard's personal circumstances and adequately explained why it could not reconcile them with his prior crimes and the instant offense. We find no reason to second guess the weight (or lack thereof) that the district court accorded to these factors. *See United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006); *see also Cavera*, 550 F.3d at

15

191. The district court did not err in determining that Gilliard's personal circumstances were outweighed by the high likelihood of recidivism and the serious nature of his crimes.

Taking into account the totality of the circumstances, the 96-month term of imprisonment was not "shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Thus, the sentence was substantively reasonable.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.