12-350-cr
U.S. v. Sharon Johnson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand thirteen.

Present:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> ROSLYNN R. MAUSKOPF,[*]
> > *District Judge*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 No.  12-350-cr

SHARON JOHNSON,

> *Defendant-Appellant*.

---

For Defendant-Appellant:          Bradley S. Stetler, Stetler, Allen, & Kampmann,
                                  Burlington, VT.

---

[*]The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

For Appellee:                          Kevin J. Doyle, Gregory L. Warples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District Court of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Sharon Johnson appeals from a judgment of conviction and sentence entered on January 12, 2012 by the United States District Court for the District of Vermont (Murtha, *J.*). On June 29, 2011, Johnson pled guilty to conspiracy to commit health care fraud in violation of 18 U.S.C. § 371. On January 12, 2012, the district court sentenced her to thirty-seven months of imprisonment. Johnson appeals from the district court's sentence, arguing that the district court improperly imposed or extended her prison term based on her need for medical rehabilitation. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review a district court's sentence for reasonableness." *United States v. Gilliard*, 671 F.3d 255, 258 (2d Cir. 2012). Under this "deferential abuse-of-discretion standard," we first ensure "that the district court complied with the Sentencing Reform Act's *procedural* requirements." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Johnson "argues that the sentence was procedurally unreasonable because the district court violated 18 U.S.C. § 3582(a) by imposing a term of imprisonment to promote [her] rehabilitative needs." *Gilliard*, 671 F.3d at 258.

Under 18 U.S.C. § 3582(a), a "court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." Section 3553(a), in turn, identifies a number of factors that a sentencing court must balance, including the need "to provide . . . medical care." Interpreting sections 3582(a) and 3553(a), the Supreme Court has held that "[s]ection 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011).

The Supreme Court emphasized, however, that a "court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id.* at 2392. Thus, § 3553(a) requires sentencing courts to consider "medical care," and *Tapia* explicitly condones its discussion. In light of these observations, we have previously noted that, wherever an appellate court has found error under § 3582(a), "the sentencing judge [has] explicitly tied the need to impose a sentence of particular length to the defendant's ability to participate in a . . . treatment program." *Gilliard*, 671 F.3d at 260.

Here, the district court did not explicitly tie the length of the sentence imposed to Johnson's need for medical care. Instead, responding to *Johnson's* argument that her serious medical conditions warranted either a downward departure under the U.S.S.G. § 5H1.4 or a variance from the sentencing guidelines under § 3553(a), the district court reasoned that, because Johnson had previously failed to seek treatment for her afflictions, she would likely benefit from the more consistent treatment she would receive in prison. Thus, the district court did not impose

or lengthen Johnson's term of imprisonment based on her need for medical care, but instead found that her need for medical care did not warrant the more lenient sentence she had requested.

Moreover, as in *Gilliard*, "the record indicates that [Johnson's] sentence was based on . . . permissible reasons." 671 F.3d at 260. First, the district court remarked that Johnson's offense was "very serious in the sense that it involved 1.3 million dollars over five years [and] . . . the manipulation of another person who . . . obviously was a very -- she was a person who was easily manipulated." J. App'x at 91. Moreover, the district court expressed its desire to impose a sentence that would both "fairly reflect[]" Johnson and her co-conspirator's "relative levels of culpability" and "deter[] . . . others who are tempted to engage in this sort of behavior." J. App'x at 92. These considerations clearly justified the district court's decision to impose a sentence of thirty-seven months, which fell at the bottom of Johnson's range under the sentencing guidelines.

We have considered Johnson's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK