12-2576-cr
U.S. v. Neal

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand thirteen.

PRESENT:
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
               *Circuit Judges*,
          JED S. RAKOFF,
               *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

               *Appellee*,

          v.                                                    12-2576-cr

ROY NEAL,

               *Defendant-Appellant*.

_____

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                    James F. Greenwald, Assistant Federal Public Defender, and James P. Egan, Research & Writing Attorney, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

FOR APPELLEE:                     Elizabeth S. Riker and John M. Katko, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case is REMANDED.

Defendant-appellant Roy Neal appeals from the District Court's judgment of conviction entered June 25, 2012. On appeal, Neal argues that his sentence was procedurally unreasonable because the District Court (1) based the length of his sentence on his purported need for rehabilitation and (2) failed to calculate the new Sentencing Guidelines (the "Guidelines") range after deciding to upwardly depart from the 24-30 month applicable Guidelines range. Because Neal did not raise these arguments before the District Court, we review for plain error. United States v. Cassesse, 685 F.3d 186, 188 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision.

I. Length of the Sentence

In Tapia v. United States, 131 S. Ct. 2382 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." Id. at 2391. A district court may properly "discuss[] the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs" and make recommendations to the Bureau of Prisons concerning rehabilitation. Id. at 2392; see United States v. Gilliard, 671 F.3d 255, 259 (2d Cir. 2012). But a remand for resentencing may be appropriate where "the sentencing transcript suggests the possibility that [the defendant's] sentence was based on [his] rehabilitative needs." Tapia, 131 S. Ct. at 2392.

Here, the record indicates that the District Court imposed a 42-month sentence based in part on Neal's apparent need for rehabilitation. During the sentencing, the District Court explicitly provided two reasons for its decision to depart upward from the applicable Guidelines range: (1) "the consistency of [Neal's criminal] behavior" and (2) the need for "sufficient time for [Neal] to get through the[] [treatment] programs that [the Court was] recommending." Specifically, the District Court stated:

> Upon your plea of guilty to Count One of the Information, it is the judgment of the Court that you'll be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 42 months. 42 months represents an upward departure in the suggested guideline range. And the reason for this, for the record, is the consistency of behavior despite multiple attempts to reach you and to get you to stop this behavior. It also is the result of this Court feels that you need some not so much punishment as it is treatment, and the Court is going to recommend that you be sent to a facility as close as possible in [Atlanta], Georgia, or in the [Atlanta], Georgia area, and that mental health treatment, evaluation and treatment be a part of your sentence.

> The other reason I'm upwardly departing is so that there can be sufficient time for you to get through these programs that I'm recommending and also to hopefully learn some sort of trade or occupation.

Because Neal's rehabilitative needs clearly factored into his sentencing, we remand the case and direct the District Court to vacate the sentence and proceed to resentencing without considering those rehabilitative needs in determining the length of the sentence.

II.    Calculation of Post-Departure Guidelines Range

Neal also contends that the District Court erred by not articulating the post-departure Guidelines range.   We need not determine whether the District Court's failure to specify the post-departure Guidelines range constituted plain error.   On remand, the District Court should state on the record the applicable criminal history category, and, consistent with better practice, it should state the post-departure Guidelines range.   See United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006) (sentence satisfies the Sixth Amendment if, among other things, the sentencing judge "calculates the relevant Guidelines range, including any applicable departure under the Guidelines system").

We have considered Neal's remaining arguments and conclude that they are without merit.   For the foregoing reasons, we REMAND to the District Court with instructions to vacate the sentence and resentence the defendant in conformity with Tapia and this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4