13-954-cr
*United States v. Hernandez-Perez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

―――――――――――――――――――――――――――――

United States of America,

> *Appellee*,

> v.                                                                No. 13-954-cr

Santos Hernandez-Perez,

> *Defendant-Appellant*.

―――――――――――――――――――――――――――――

FOR APPELLANT:                    Mehmet K. Okay, The Okay Law Firm, Batavia, NY.

FOR APPELLEE:                     Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Santos Hernandez-Perez appeals from the sentence of 36 months' imprisonment imposed by the district court after he pled guilty to one count of transporting an alien present in the country illegally in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's sentence for reasonableness. *United States v. Gilliard,* 671 F.3d 255, 258 (2d Cir. 2012). Under this "deferential abuse-of-discretion standard," we first consider whether the district court committed procedural error. *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Though Hernandez-Perez asserts that he does not challenge his sentence as being procedurally unreasonable, he contends that the district court failed to record the reasons for his above-Guidelines sentence in the judgment of conviction or articulate why his situation is different from the ordinary situation covered by the Guidelines calculation. These arguments allege procedural error. *See id.* at 190 ("A district court commits procedural error . . . if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range." (internal quotation marks omitted)).

In any event, Hernandez-Perez's assertions are contradicted by the record, as the district court explained its justifications for the above-Guidelines sentence in the sealed statement of

2

reasons section of the judgment and on the record during sentencing. At sentencing, the district court explained that Hernandez-Perez's sentence, which was 15 months above the high end of the uncontested Guidelines range, was justified by the following aggravating factors: (1) this was Hernandez-Perez's second felony conviction and his prior conviction was for illegal reentry; (2) he illegally reentered the United States while on supervised release for illegal reentry and, therefore, violated his conditions of supervision; (3) he was previously removed from the United States three times; (4) he "transported 5 illegal aliens within the United States" and concealed them in a "stash house"; (5) his pattern of illicit activity had escalated from illegal reentry to transporting others who entered the country illegally; and (6) his conduct demonstrated a flagrant disregard for the laws of the United States. Joint App'x at 108-10. We therefore conclude that the district court provided a thorough and sufficient explanation supporting the reasonableness of Hernandez-Perez's sentence.

We have considered all of the arguments raised by Hernandez-Perez on appeal and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3