14-152(L)
United States v. Rutigliano, Lesniewski, Baran

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand fifteen.

PRESENT: DENNIS JACOBS,
　　　　　DENNY CHIN,
　　　　　　　　　　<u>Circuit Judges</u>,
　　　　　ELIZABETH A. WOLFORD,
　　　　　　　　　　<u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
　　　　　<u>Appellee</u>,

　　　　　-v.-　　　　　　　　　　14-152(L), 14-759,
　　　　　　　　　　　　　　　　　14-1339
JOSEPH RUTIGLIANO, PETER J.
LESNIEWSKI, MARIE BARAN,
　　　　　<u>Defendants-Appellants</u>.**
- - - - - - - - - - - - - - - - - - - - -X

---

\* The Honorable Elizabeth A. Wolford, of the United States District Court for the Western District of New York, sitting by designation.

\*\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR APPELLANT RUTIGLIANO:** JOSEPH W. RYAN, JR., Melville, New York.

**FOR APPELLANT LESNIEWSKI:** JOHN D. CLINE, San Francisco, California.

**FOR APPELLANT BARAN:** ANNE J. D'ELIA, Kew Gardens, New York.

**FOR APPELLEE:** DANIEL B. TEHRANI (<u>with</u> Nicole Friedlander and Michael A. Levy, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Marrero, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.**

Joseph Rutigliano, Peter J. Lesniewski, and Marie Baran appeal from judgments of conviction entered, following a jury trial, in the United States District Court for the Southern District of New York (Marrero, <u>J.</u>). A separate opinion issued simultaneously with this summary order decides challenges premised on venue, the statute of limitations, and instructions given to the jury. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The defendants were convicted of (variously) conspiracy to commit mail fraud, wire fraud, and health care fraud, as well as substantive counts of these offenses, and making false statements, in this case of a decades-long scheme to defraud the United States Railroad Retirement Board ("RRB") into awarding fraudulent disability annuity payments to Long Island Railroad ("LIRR") retirees.

**A. Evidentiary Challenges**

Defendants raise numerous evidentiary challenges. Specifically they argue that the court abused its discretion by: (i) limiting the testimony of Lesniewski's proposed expert, Dr. Julian Freeman; (ii) allowing the government's

2

expert to testify about Lesniewski's diagnosis of Rutigliano and to provide his opinion that if Rutigliano suffered disabling conditions as diagnosed, he would not have been able to play golf; (iii) precluding Lesniewski from offering statements he argued were admissible pursuant to Fed. R. Evid. 106; (iv) permitting the government to introduce charts comparing disability applications prepared by Rutigliano for himself and others, and charts showing the disparity in disability rates at the LIRR and Metro-North Railroad; (v) permitting evidence of Rutigliano's post-retirement golfing; and (vi) admitting evidence that Rutigliano failed to report his "consulting" income.

We review the district court's evidentiary rulings for abuse of discretion, and find none. See United States v. Persico, 645 F.3d 85, 99 (2d Cir. 2011).

### 1. Limitations on Lesniewski's Expert's Testimony

The district court's limitations on Dr. Freeman's testimony were a proper exercise of its gatekeeping function, Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002), and certainly not an abuse of discretion, United States v. Cruz, 363 F.3d 187, 192 (2d Cir. 2004). See United States v. Dupre, 462 F.3d 131, 137 (2d Cir. 2006) ("[T]he admission of expert testimony is not an abuse of discretion unless it is manifestly erroneous." (internal quotation mark omitted)). And the court properly excluded testimony that would have required or permitted Dr. Freeman to opine on legal questions. See United States v. Bilzerian, 926 F.2d 1285, 1295 (2d Cir. 1991).

### 2. The Government's Expert Witness

The district court did not abuse discretion in admitting the government's expert testimony, or in denying a separate hearing pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). See United States v. Williams, 506 F.3d 151, 161-62 (2d Cir. 2007) (concluding court engaged in relevant inquiry in admitting evidence and decision not to hold separate, formal Daubert hearing was not an abuse of discretion). As the district court observed, the fact that the government's expert did not examine Rutigliano goes only to the weight the expert's testimony should be afforded, not to its admissibility. See Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir. 1996) (per curiam) ("[C]ontentions that the [expert's] assumptions are unfounded go to the weight, not the

3

admissibility, of the testimony" (internal quotation marks omitted)).

### 3.   The Rule of Completeness Challenge

The district court committed no abuse of discretion in ruling that portions of Lesniewski's prior statements he sought to introduce, "as offered by him, [were] inadmissible hearsay." United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999). "[A]n omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." Id. (internal quotation marks omitted). The statements at issue were not necessary "to avoid misleading the trier of fact." United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982). The exclusion of the disputed statements as post-hoc explanations for Lesniewski's conduct was therefore a permissible exercise of discretion. See United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011) ("[T]he rule of completeness does not require that the entire memo be admitted because [after-the-fact] legal analysis, recollection and understandings are not relevant.").

### 4.   Rutigliano's Challenge to the Government's Charts

The district court allowed the government to introduce charts comparing disability rates at the LIRR and Metro-North, and charts showing similarities in disability applications prepared by Rutigliano. "This court has long approved the use of charts in complex trials." United States v. Casamento, 887 F.2d 1141, 1151 (2d Cir. 1989); see also United States v. Pinto, 850 F.2d 927, 935-36 (2d Cir. 1988) (approving government's use of summary charts at trial). And the charts at issue cleared the low bar for relevance. See United States v. Al-Moayad, 545 F.3d 139, 176 (2d Cir. 2008). Disparities between disability rates at the two railroads and the cookie-cutter nature of the disability claims both tended to support the government's theory at trial. See United States v. Abu-Jihaad, 630 F.3d 102, 132 (2d Cir. 2010). As the district court observed, the charts were "straightforward compilation[s]" based on records provided to the defense. Trial Tr. at 1503, United States v. Rutigliano, No. 11-cr-1091, (S.D.N.Y. 2013).

4

### 5. The Golf Evidence

The district court admitted evidence that Rutigliano routinely played golf after his retirement, when he was supposedly permanently disabled. Rutigliano argues that this evidence was substantially more prejudicial than probative. Fed. R. Evid. 403. The district court committed no abuse of discretion: The golf evidence was highly probative of Rutigliano's fraud, and the court could reasonably have concluded that it would not tend to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." United States v. Massino, 546 F.3d 123, 132 (2d Cir. 2008) (per curiam) (internal quotation mark omitted); see also United States v. Gelzer, 50 F.3d 1133, 1139 (2d Cir. 1995) ("Generally speaking, any proof highly probative of guilt is prejudicial to the interests of that defendant.").

### 6. Rutigliano's "Consulting" Income

The district court admitted evidence that Rutigliano failed to report income from his "consulting" services. The government argued that this evidence was admissible as "inextricably intertwined" with the evidence regarding the charged offense. Decision and Order, United States v. Lesniewski, 11-cr-01091, Dkt. No. 462, at 19 (S.D.N.Y. July 12, 2013) (quoting United States v. Quinones, 511 F.3d 289, 309 (2d Cir. 2007) (internal quotation marks omitted)). The court agreed, explaining that Rutigliano's failure to report his income "helps complete the story" of his fraud "because any record (or lack thereof) of [his consulting] income is arguably intertwined with his claimed 'total and permanent' disability and his statements that he had not in fact worked." Id. at 19-20. The court added that the evidence was admissible as probative of "intent, plan, knowledge, and absence of mistake or accident." Id. at 21. Finally, the court rejected Rutigliano's Rule 403 challenge to the evidence "[g]iven the high degree of relevance of the material in question." Id. The court's reasoning supports its exercise of discretion.

## B. The Bruton Challenge

Rutigliano asserts that the court violated his rights under United States v. Bruton, 391 U.S. 123 (1968), by admitting an inculpatory statement made by Lesniewski to law enforcement agents. "We review alleged violations of the Confrontation Clause de novo, subject to harmless error analysis." United States v. Jass, 569 F.3d 47, 55 (2d Cir. 2009) (internal quotation marks and alterations omitted).

Rutigliano concedes Lesniewski's inculpatory statement made no mention of him.  Because the "jury would have had to rely on other trial evidence" (rather than Lesniewski's statement by itself) to connect it to Rutigliano, there was no <u>Bruton</u> violation.  <u>Id.</u> at 62; <u>see also</u> <u>United States v. Lee</u>, 549 F.3d 84, 97 n.1 (2d Cir. 2008).[1]

## C.   The Joinder Challenge

Rutigliano argues that his motion for severance should have been granted because there was no temporal link or common plan among the codefendants.  He cites as prejudice his subjection to a lengthy trial rather than the short, straightforward one that (he speculates) he would have had absent joinder.  "We review the propriety of joinder <u>de novo</u> . . . and where joinder should not have been permitted, a conviction must be reversed unless failure to sever was harmless error."  <u>United States v. Rittweger</u>, 524 F.3d 171, 177 (2d Cir. 2008) (internal quotation marks omitted).

Federal Rule of Criminal Procedure 8(b) allows joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  "We have interpreted the 'same series of acts or transactions' language of Rule 8(b) to mean that joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme."  <u>Rittweger</u>, 524 F.3d 177 (some internal quotation marks omitted).  "[W]e also apply a commonsense rule to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice."  <u>Id.</u> (internal quotation marks omitted).  This standard was clearly satisfied here.

---

[1] To the extent Rutigliano argues that the admission of Lesniewski's statement required severance, this is not so. <u>See</u> <u>United States v. Yousef</u>, 327 F.3d 56, 150 (2d Cir. 2003) (finding "admission of the redacted statement did not violate the <u>Bruton</u> doctrine" and affirming denial of severance).

## D. The Sufficiency of the Evidence

Rutigliano challenges the sufficiency of evidence that he conspired with: (i) Lesniewski to create his fraudulent claim for benefits; (ii) James Maher or Christopher Parlante, retired LIRR employees who testified for the prosecution, to falsify their claims; or (iii) Maher or Parlante to submit false re-certifications of their claimed disabilities. Rutigliano cannot sustain his "heavy burden" because, viewing the evidence in the light most favorable to the government, Kozeny, 667 F.3d at 139-40, it was sufficient for a rational jury to conclude that there was a conspiracy to defraud the RRB, and that Rutigliano participated in the conspiracy both as a claimant and as a "facilitator" of other employees' fraudulent claims. To the extent Rutigliano argues that there was no evidence of express agreements among the codefendants, no such proof is required. See United States v. Amiel, 95 F.3d 135, 144 (2d Cir. 1996).

## E. The Sentencing Challenges

Rutigliano argues that the district court erred in denying his request for a hearing pursuant to United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979), to challenge the loss attributable to him, which impacted his term of incarceration and the restitution imposed. He also challenges the procedural reasonableness of his sentence. Baran challenges the loss attributed to her, and the substantive reasonableness of her sentence.

There is no per se right to a Fatico hearing, and trial courts enjoy broad discretion in determining what procedures to employ at sentencing. See United States v. Prescott, 920 F.2d 139, 144 (2d Cir. 1990). We review the sentences for reasonableness, under a deferential abuse-of-discretion standard. United States v. Gilliard, 671 F.3d 255, 258 (2d Cir. 2012).

After a conference, the court properly denied Rutigliano's request for a Fatico hearing. The court concluded that Rutigliano was "raising issues litigated at the trial and some of them determined by the court in preparation for the trial, and [Rutigliano was] asking essentially for [the court] to have another trial on some of these issues, and [the court was] not going to do that." Gov't Supplemental App. at 37-37.

The Sentencing Guidelines base the offense level in part on the amount of loss caused by the offense; and loss is defined generally as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1(b)(1) & cmt. n.3(A). As recognized by the district court, a sentencing judge need only make a "reasonable estimate" in calculating the loss amount. Id. cmt. n.3(c). And, the loss need only be determined by a preponderance of the evidence. See United States v. Norman, 776 F.3d 67, 76-77 (2d Cir. 2015).

The court committed no procedural error in determining the loss attributable to the defendants. Cf. United States v. Bryant, 128 F.3d 74, 76 (2d Cir. 1997) ("[I]t is permissible for the sentencing court, in calculating a defendant's offense level, to estimate the loss resulting from his offenses by extrapolating the average amount of loss from known data and applying that average to transactions where the exact amount of loss is unknown.").

Rutigliano's challenge to the restitution order--based on a finding of actual loss--is also without merit, as it is premised on his erroneous theory that the RRB made independent determinations with respect to disability applications.

Baran's challenge to the substantive reasonableness of her 60-month sentence is without merit. The sentence was 48 months below the low-end of the Guidelines and cannot be said to be "shockingly high" or "otherwise unsupportable as a matter of law." United States v. Dorvee, 616 F.3d 174, 183 (2d Cir. 2010) (internal quotation marks omitted).

**F.  Ineffective Assistance of Counsel**

Baran argues that she is entitled to a new trial because she was afforded constitutionally ineffective assistance of counsel. As in most cases, "a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding [Baran's] claims of ineffective assistance." Massaro v. United States, 538 U.S. 500, 504 (2003); see also United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (stating district court "best suited" to developing facts necessary to determining adequacy of representation (internal quotation marks omitted)).

8

                                  \*     \*     \*

For the foregoing reasons and for those stated in the opinion issued simultaneously with this summary order, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK