15-3413-cr
United States v. Gilliard

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                    No. 15-3413-cr

TROY GILLIARD, AKA T ROY,

*Defendant-Appellant.*

------------------------------------------------------------------------------

FOR APPELLANT:            Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:                    Niketh V. Velamoor, Anna M.
                                 Skotko, Assistant United States
                                 Attorneys, *for* Preet Bharara, United
                                 States Attorney for the Southern
                                 District of New York,
                                 New York, NY.

Appeal from an order of the United States District Court for the Southern

District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the order of the District Court is

**AFFIRMED**.

Defendant-appellant Troy Gilliard appeals from an October 20, 2015 order

of the United States District Court for the Southern District of New York

(Sullivan, J.) denying his motion for reduction of sentence pursuant to 18 U.S.C.

§ 3582(c)(2).   We assume the parties' familiarity with the facts and record of the

prior proceedings, to which we refer only as necessary to explain our decision to

affirm.

In resolving a motion to reduce a sentence pursuant to 18 U.S.C.

§ 3582(c)(2), a district court must first determine whether the defendant is eligible

for a reduction in sentence.   If the defendant is eligible, the district court

considers any applicable § 3553(a) factors and determines, in its discretion,

2

whether a reduction is warranted under the particular circumstances of the case. Dillon v. United States, 560 U.S. 817, 827 (2010). When, as here, the defendant's eligibility is not disputed, we review a district court's denial of a motion to reduce a sentence for abuse of discretion. United States v. Borden, 564 F.3d 100, 101, 104 (2d Cir. 2009).

Gilliard first argues that the District Court abused its discretion when it relied on the same rationale to both compute the original sentence and deny the subsequent motion to reduce that sentence. Gilliard claims that in doing so, the District Court ignored (1) an amendment to the Sentencing Guidelines that lowered the penalty for Gilliard's offense, (2) Gilliard's post-sentencing conduct, and (3) a detailed re-entry plan. We disagree. The District Court stated that its original above-Guidelines sentence reflected the need for specific deterrence and public safety, given Gilliard's extensive history of criminal activity and recidivism. We affirmed that sentence as reasonable in United States v. Gilliard, 671 F.3d 255 (2d Cir. 2012). In denying the motion to reduce the sentence, the District Court explicitly referenced the new circumstances on which Gilliard relies, but determined that deterrence and public safety still outweighed the other § 3553(a) factors and necessitated the same above-Guidelines sentence.

3

The District Court was not required to articulate a new rationale if the primary reasons for its original decision persisted.   See Borden, 564 F.3d at 104–05.   The District Court therefore adequately considered the applicable § 3553(a) factors in deciding Gilliard's motion.   See Dillon, 560 U.S. at 827.

Gilliard also relies on Peugh v. United States, which reminded us only that the Sentencing Guidelines should be "the starting point and the initial benchmark" for sentencing.   133 S. Ct. 2072, 2080 (2013) (quotation marks omitted).   Neither Peugh nor any other case required the District Court to "anchor[]" its sentence mechanically to the Guidelines range as Gilliard proposes.   Appellant Br. 35.

Gilliard next argues that his sentence was substantively unreasonable. Again, we disagree.   The District Court acted well within its discretion in concluding that Gilliard's post-sentencing conduct and re-entry plan did not alleviate its concerns about recidivism and public safety.   See United States v. Thavaraja, 740 F.3d 253, 259 (2d Cir. 2014) ("We will set aside sentences as substantively unreasonable only in 'exceptional cases where the trial court's decision cannot be located within the range of permissible decisions.'" (quoting United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc))).

4

Furthermore, the amended Guidelines notwithstanding, Gilliard's eight-year sentence is well below the maximum possible sentence of twenty years. 21 U.S.C. § 841(b)(1)(C). The sentence was therefore substantively reasonable.

We have considered Gilliard's other arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court